IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDRES ARMIJO,

    Plaintiff,

vs.                                                                                         No. CIV 23-0960 JB/GJF

BERNALILLO COUNTY BOARD OF
COMMISSIONERS; CITY OF
ALBUQUERQUE; TIM KELLER, Mayor;
JASON JONES, Chief, Metropolitan
Detention Center, and SERGIO SAPIEN,
Assistant Chief, Metropolitan Detention
Center,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court following the Plaintiff's failure to prosecute his Untitled Letter-Pleading Regarding Civil Rights Violations (dated October 30, 2023), filed November 1, 2023 (Doc. 1)("Letter-Pleading"). The Honorable Gregory Fouratt, United States Magistrate Judge for the United States District Court for the District of New Mexico, recently directed Plaintiff Andres Armijo to file a complaint on the 42 U.S.C. § 1983 form pleading and address the civil filing fee, as 28 U.S.C. § 1915(a) requires. See Order to Cure Deficiencies, filed February 6, 2024 (Doc. 3)("Cure Order"). Because Armijo has not complied with the Cure Order, and having reviewed applicable law and the record, the Court will dismiss this case without prejudice.

**BACKGROUND**

Armijo commenced this case on November 1, 2023, while detained at the Metropolitan Detention Center ("MDC") in Albuquerque, New Mexico. See Letter-Pleading at 2. In the

Letter-Pleading, Armijo states that he wishes to file a complaint for the violation of his rights under the First, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and requests a form complaint under 42 U.S.C. § 1983.  See Letter-Pleading at 1.  On November 1, 2023, at Armijo's request, the Clerk's Office mailed Armijo a blank 42 U.S.C. § 1983 civil rights complaint and a blank motion to proceed in forma pauperis.  See Staff Note Docket Entry, filed November 1, 2023 (text-only).

The Court referred this matter to Magistrate Judge Fouratt for recommended findings and disposition, and to enter non-dispositive orders.  See Order of Reference Relating to Prisoner Cases, filed November 2, 2023 (Doc. 2).   By the Cure Order entered February 6, 2024, Magistrate Judge Fouratt fixed a deadline of March 7, 2024 for Armijo to: (i) file a completed civil rights complaint; and (ii) prepay the $402.00 filing fee or, alternatively, submit an in forma pauperis motion that attaches an account statement reflecting transactions for a six-month period.  See Cure Order at 1.   The Cure Order warns that the failure timely to comply may result in dismissal of this case without further notice.  See Cure Order at 1.

Armijo has not filed a complaint, paid the filing fee, or filed a motion to proceed in forma pauperis by the March 7, 2024, deadline or otherwise.  Armijo has not shown cause for such failure or otherwise responded to the Cure Order.  The Court therefore will consider whether to dismiss this matter for failure to prosecute and to comply with the Cure Order.

## **ANALYSIS**

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b).  See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly

has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."). As the United States Court of Appeals for the Tenth Circuit has explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ." Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice." Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009). If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d 1158, 1162 (10th Cir. 2016). Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d at 1162. Those criteria include: the degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions. See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d at 1162.

Here, Armijo did not file a complaint or address the civil filing fee, as the Cure Order and 28 U.S.C. § 1915(a) require. In light of these failures, the Court will dismiss the Letter-Pleading pursuant to rule 41(b) for failure to prosecute. See Olsen v. Mapes, 333 F.3d at 1204. After

considering the factors in <u>Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center</u>, 492 F.3d at 1162, the dismissal will be without prejudice,.

**IT IS ORDERED** that: (i) the Plaintiff Andres Armijo's Untitled Letter-Pleading Regarding Civil Rights Violations (dated October 30, 2023), filed November 1, 2023 (Doc. 1), is dismissed without prejudice; and (ii) the Court will enter a separate Final Judgment disposing of this civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Andres Armijo
Albuquerque, New Mexico

    *Plaintiff pro se*